UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| EMPLOYERS & CEMENT MASONS #90 HEALTH & WELFARE FUND, By and Through Its Board of Trustees, <br><br> and <br><br> EMPLOYERS AND CEMENT MASONS #90 PENSION FUND, By and Through Its Board of Trustees, <br><br> Plaintiffs, <br><br> v. <br><br> EHRET INC., <br><br> Defendant. | Case No. 19-364 |

## COMPLAINT

COME NOW Plaintiffs, EMPLOYERS AND CEMENT MASONS #90 HEALTH & WELFARE FUND and EMPLOYERS AND CEMENT MASONS #90 PENSION FUND, and state as follows for their Complaint against Defendant EHRET INC.:

### Parties

1. Plaintiff EMPLOYERS AND CEMENT MASONS #90 HEALTH & WELFARE FUND (hereinafter "Welfare Fund") is an employee welfare benefit plan and an employee benefit plan, or plan within the meaning of Sections 3(1) and (3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1002(1), (3).

2. Welfare Fund is administered by a Board of Trustees who are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §§ 1002(21)(A). Welfare Fund's Trustees are

authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

3.  Welfare Fund is administered in Madison County, Illinois.

4.  Plaintiff EMPLOYERS AND CEMENT MASONS #90 PENSION FUND (hereinafter "Pension Fund") is an employee pension benefit plan, a pension plan, or plan, and a defined contribution plan within the meaning of Sections 3(2)(A), (3) and (34) of ERISA, 29 U.S.C. § 1002(2)(A), (3), (34).

5.  Pension Fund is administered by a Board of Trustees who are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §§ 1002(21)(A). Pension Fund's Trustees are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

6.  Pension Fund is administered in Madison County, Illinois.

7.  Together, Welfare Fund and Pension Fund shall be referred to as "Plaintiff Funds."

8.  Defendant EHRET INC. (hereinafter "Defendant" or "Ehret, Inc.") is an Illinois general business corporation.

9.  Ehret, Inc. maintains its principal place of business at 111 Premier Drive, Belleville, IL 62220.

10. Ehret, Inc. is, was and at all relevant times has been, an employer in an industry affecting commerce within the meaning of Sections 3(5), (11), (12) and 515 of ERISA, 29 U.S.C. §§ 1002(5), (11), (12), 1145 and within the meaning of §§ 2(2), (6) and (7) of the Labor-Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. §§ 152(2), (6), (7).

## Jurisdiction and Venue

11. This Court has jurisdiction over Plaintiff Funds' claims by virtue of Sections 502(a)(3), (e)(1) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), (e)(1), 1145 and § 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a), (c).

12. This Court has personal jurisdiction over Defendant pursuant to ERISA § 502(e), 29 U.S.C. § 1132(e) and § 301(c) of the LMRA, 29 U.S.C. § 185(c).

13. Venue is proper in this Court pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2) and § 301(a) of the LMRA, 29 U.S.C. § 185(a).

## Facts Common To All Counts

14. At all times relevant to this Complaint, Defendant has been signatory to one or more Collective Bargaining Agreements ("Agreement(s)") with the Local #90, Operative Plasterers and Cement Masons International Association, AFL-CIO ("Local #90").

15. The territorial jurisdiction of Local #90 consists of the Illinois counties of Bond, Calhoun, Clinton, Green, Jersey, Macoupin, Madison, Monroe, Montgomery, and St. Clair.

16. The Agreement(s) require Ehret, Inc. to submit monthly remittance reports ("Remittance Reports") detailing the hours worked by and wages paid to its employees performing work covered by the Agreement(s) and to pay monetary contributions to Plaintiff Funds at specified rates, based on hours worked and/or gross pay received, for and on behalf of its employees working under the terms of the Agreement(s) within the territorial jurisdiction of Local #90.

17. Plaintiff Funds are the duly-authorized collection agent on behalf of Local #90 and certain collectively-bargained funds, and receive and process said contributions on behalf of Local #90 and those funds.

18. Said Remittance Reports, and all necessary contributions, are due by the fifteenth (15th) of the month following the month in which the work was performed.

19. ERISA, the Agreement(s) and/or Trust Documents to which Ehret, Inc. is bound and required to comply specifically provide that in the event a signatory employer fails to submit timely reports of hours, or payments of contributions due, the employer shall be liable to Plaintiff Funds for the contributions due, as well as liquidated damages in the amount of twenty percent (20%).

20. ERISA, the Agreement(s) and/or Trust Documents to which Ehret, Inc. is bound and required to comply provide that in the event of a delinquency, a signatory employer shall be liable for the greater of interest, or additional Liquidated Damages.

21. ERISA, the Agreement(s) and/or Trust Documents to which Ehret, Inc. is bound and required to comply provide that in the event of a delinquency, a signatory employer shall be liable for attorneys' fees and costs.

## COUNT I

## (DELINQUENT FRINGE BENEFIT CONTRIBUTIONS

## (ALL PLAINTIFFS)

COME NOW Plaintiffs, by undersigned Counsel, and for Count I of their Complaint, state as follows:

22. Plaintiff Funds restate and reincorporate paragraphs 1 through 21 of their Complaint, as if fully set forth herein.

23. Defendant routinely performs work within the territorial jurisdiction of Local #90 and is known to have done so within the statute of limitations applicable to Plaintiffs' cause of action.

24. Defendant is known to have employed members of the bargaining unit represented by Local #90.

25. As a result of performing such work with said employees, Defendant is and was required to report and pay contributions to Plaintiff Funds.

26. Defendant, however, failed to submit required Remittance Reports, or payment of contributions, for various months during 2018 and 2019.

27. Based upon paycheck stubs received from Defendant's employees, Plaintiff Funds estimate contributions are due in the amount of at least $20,646.06 (the "Delinquency").

28. Pursuant to the Agreement(s) and/or Trust Documents, as a result of the Delinquency, Defendant is liable for Liquidated Damages in the amount of twenty percent (20%) of the contributions due, or at least $3,596.03.

29. Demand has been made upon Defendant to submit the outstanding remittance reports and to pay these outstanding fringe benefit contributions and late fees.

30. Defendant has, without good cause, failed and refused to submit the outstanding reports and make payment of these amounts, despite its contractual obligation to do so.

31. Plaintiff Funds are unable to determine the amount of contributions due with certainty, or to properly credit the accounts of Defendant's employees, who stand to lose eligibility, or coverage, as a result of Defendant's omissions, unless Defendant is made to submit all outstanding remittance reports and required payments.

32. Plaintiff Funds lack an adequate remedy at law and are suffering, and will continue to suffer, immediate, severe and irreparable harm, unless Defendant is ordered to comply with its contractual obligations and to submit outstanding remittance reports, payment of all contributions and required Liquidated Damages and interest, and attorneys' fees and costs.

33. Plaintiff Funds are entitled to an Order that Defendant submit all outstanding Remittance Reports.

34. Plaintiff Funds are entitled to an award of all outstanding contributions due.

35. Plaintiff Funds are entitled to an award of liquidated damages and interest.

36. Plaintiff Funds are also entitled to an award of their attorneys' fees and costs.

37. As a consequence of Defendant's actions, Plaintiff Funds have been harmed.

WHEREFORE, Plaintiffs Employers and Cement Masons #90 Health & Welfare Fund and Employers and Cement Masons #90 Pension Fund Funds respectfully pray that the Court:

    a. Enter Judgment for Plaintiff Funds and against Defendant, Ehret, Inc.;

    b. Enter Orders for temporary, preliminary and permanent injunctive relief requiring Defendant to immediately submit the outstanding remittance reports, so that the amount of contributions and other damages due can be determined;

    c. Enter an Order awarding Plaintiff Funds the delinquent fringe benefit contributions in the amount of at least $20,646.06, or a different and greater amount to be proven at trial;

    d. Enter an Order awarding Plaintiff Funds Liquidated Damages in the amount of $3,596.03, or a different and greater amount to be proven at trial;

    e. Enter an Order awarding Plaintiff Funds the greater of pre-judgment interest, or additional Liquidated Damages;

    f. Enter an Order awarding Plaintiff Funds their attorneys' fees and costs;

    g. Enter an Order awarding Plaintiff Funds appropriate post-judgment interest;

  h. Enter Orders for such further relief as the Court deems proper in the premises.

            Respectfully Submitted,

            CAVANAGH & O'HARA LLP


            /s/ James R. Kimmey
            JAMES R. KIMMEY, ARDC 6314932
            101 W. Vandalia St., Suite 245
            Edwardsville, IL  62025
            (618) 692-5250 (tel.)
            (618) 692-5254 (fax)
            jaykimmey@cavanagh-ohara.com

            Attorneys For Plaintiffs